```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
```

MARK TAYLOR,

        Plaintiff,

   -against-                                No. 13 Civ. 8524 (CM)

ALWAYS READY & RELIABLE SECURITY,
INC., ALLAN PARHAM, and MARK KING,

        Defendants.
```
---------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/14

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McMahon, J.:

Between March, 2012 and October, 2013, Plaintiff Mark Taylor ("Taylor") was employed as a security guard by Defendant Always Ready and Reliable Security, Inc. ("Ready and Reliable"). (Taylor Aff. ¶¶ 2, 12; Answer ¶¶ 8, 22.) Ready and Reliable is owned in-part by Defendant Allan Parham and employs Defendant Mark King (collectively "Defendants"), each of whom exercised control over Taylor's employment. (Answer ¶¶ 14, 17, 21.)

Taylor alleges that Ready and Reliable violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in three respects.

First, Ready and Reliable failed to pay overtime to Taylor at one-and-a-half times his hourly wages for work in excess of forty hours per week, (Compl. ¶¶ 24, 28), in violation of both the FLSA and the NYLL. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.

Second, Ready and Reliable failed to pay "spread time" compensation equal to one hour's wages for days on which Taylor was on the job for more than ten hours, (Compl. ¶ 39), in violation of the NYLL. *See* 12 N.Y.C.R.R. § 142-2.4.

1

Third, Ready and Reliable required Taylor to purchase and maintain a uniform for work, but forced Taylor to pay for the uniform and cleaning costs out-of-pocket, (Compl. ¶¶ 31-32, 44), in violation of both the FLSA and the NYLL. *See* 29 C.F.R. § 531.3(d); 12 N.Y.C.R.R. § 141-1.8.

Defendants move for summary judgment on the bases that Taylor was fully compensated for his work at time-and-a-half, and that he was provided a uniform at no cost. (Docket #15.)

On a motion for summary judgment the Court must determine whether there are any genuine disputed questions of material fact between the parties. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This task is facilitated by S.D.N.Y. LOCAL R. 56.1(a), which requires the moving party to "annex[] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." The party opposing summary judgment must then submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." S.D.N.Y. LOCAL R. 56.1(b).

Defendants failed to submit a Rule 56.1 statement. Taylor (who did comply with Local Rule 56.1) argues that the Court should therefore deny Defendants' motion. I agree.[1]

---

[1] Although this does not affect my decision on Defendants' motion, the violation of Rule 56.1 was not Defendants' only error in connection with this motion. Two exhibits attached to Defendants' memorandum in support of summary judgment included Taylor's unredacted social security number, a clear violation of FED. R. CIV. P. 5.2(a). The Court removed the offending exhibits and directed Defendants to submit redacted versions. (Docket #24.) Defendants did not do so. Furthermore, Defendants have not submitted a reply brief in support of their motion for summary judgment. A reply brief is not required, but – at least in conjunction with a Rule 56.1 statement – it is usually helpful to guide the Court in deciding a motion.

Local Rule 56.1 itself states that "Failure to submit such a statement may constitute grounds for denial of the motion," S.D.N.Y. LOCAL R. 56.1(a). District courts have broad discretion about how to enforce local rules, *see Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000); *Clarke v. Pacifica Found.*, No. 07-cv-4605, 2011 WL 4356085, at *7 (E.D.N.Y. Sept. 16, 2011). Other courts in this district and the Eastern District of New York have denied summary judgment motions on the basis that the moving party failed to comply with Rule 56.1. *See, e.g., Felton v. King of Salsa, LLC*, No. 09-cv-7918, 2010 WL 1789934, at *2 (S.D.N.Y. May 4, 2010); *Misla v. CVS Pharmacy, Inc.*, No. 99-cv-9989, 2001 WL 637384, at *2 (S.D.N.Y. June 8, 2001); *Victor Lalli Enterprises, Inc. v. Big Red Apple, Inc.*, No. 79-cv-2722, 1990 WL 129974, at *1 (E.D.N.Y. Aug. 28, 1990) (applying Rule 3(g), the predecessor to Rule 56.1); *Reiss v. Cnty. of Rockland*, No. 84-cv-1906, 1985 WL 426, at *1 (S.D.N.Y. Mar. 19, 1985) (same).

Denial is an appropriate remedy here for two reasons. First, Defendants are the party moving for summary judgment. They cannot invoke the benefits of summary judgment if they are unwilling to expend the modest effort to comply with its basic procedures. The Court will not do Defendants' job of combing the record for them.

Second, lesser remedies would not be effective. Where non-moving parties have failed to comply with Rule 56.1, courts have sometimes deemed admitted the facts asserted in a moving party's Rule 56.1 statement. *See, e.g., Deleon v. Putnam Valley Bd. of Educ.*, No. 03-cv-10274, 2006 WL 236744, at *1-2 (S.D.N.Y. Jan. 26, 2006); *Crawford v. N.Y.C. Hous. Auth.*, No. 96-cv-7255, 1998 WL 10368, at *1 (S.D.N.Y. Jan. 13, 1998). But that is of little help to a non-moving party, who would already be entitled to all reasonable inferences that could be drawn in his favor. *Anderson*, 477 U.S. at 255.

Even if I were to evaluate the merits of Defendants' motion, I would still deny summary judgment. Defendants concede that they still owe Taylor approximately $288.00, (Docket #14). That amount could be attributable to Defendants' violations of the FLSA or the NYLL. It does not matter whether or not that underpayment was accidental (as Defendants claim) because willfulness is not an element of any of Taylor's claims. *See Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061, 2014 WL 2624759, at *2-3 (S.D.N.Y. June 10, 2014); *Garcia v. Badyna*, No. 13-cv-4021, 2014 WL 4728287, at *5-6 (E.D.N.Y. Sept. 23, 2014). In any event, Defendants have not cited any evidence establishing that their conceded underpayment was accidental rather than willful. That is a disputed question of material fact that can be resolved at trial.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **DENIED**. The Clerk of the Court is directed to remove Docket #14 from the Court's list of pending motions. The parties are **ORDERED** to submit a case management plan by this Friday, October 31. This case should be ready for trial by January 31, 2015.

Dated: October 27, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

4